16-1731-cv
Jock, et al. v. Sterling Jewelers Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of June, two thousand seventeen.

Present:        JON O. NEWMAN,
                ROSEMARY S. POOLER,
                PETER W. HALL,
                        *Circuit Judges*.

_____

LARYSSA JOCK, JACQUELYN BOYLE, CHRISTY CHADWICK, LISA FOLLETT, MARIA HOUSE, DENISE MADDOX, LISA MCCONNELL, GLORIA PAGAN, JUDY REED, LINDA RHODES, KHRISTINA RODRIGUEZ, NINA SHAHMIRZADI, LEIGHLA SMITH, MARIE WOLF, KELLY CONTRERAS, DAWN SOUTO-COONS,

                        *Plaintiffs-Counter-Defendants-Appellees*,

                v.                                      16-1731-cv

STERLING JEWELERS INC.,

                        *Defendant-Counter-Claimant-Appellant*.

_____

Appearing for Appellant:          Gerald L. Maatman, Jr., Seyfarth Shaw LLP (David
                                  Bennet Ross, Lorie E. Almon, Daniel B. Klein, *on
                                  the brief*), New York, NY.

|                          | Jeffrey S. Klein, Weil, Gotshal & Manges LLP, New York, NY. |
|--------------------------|-------------------------------------------------------------|
| Appearing for Appellees: | Joseph M. Sellers, Cohen Milstein Sellers & Toll, PLLC (Kalpana Kotagal, Shaylyn Cochran, *on the brief*), Washington, DC. |
|                          | Sam J. Smith, Loren B. Donnell, Burr & Smith LLP, St. Petersburg, FL. |
|                          | Thomas A. Warren, Tallahassee, FL. |

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED** for lack of appellate jurisdiction.

Defendant-Counter-Claimant-Appellant Sterling Jewelers Inc. ("Sterling") appeals the May 22, 2016 opinion and order of the United States District Court for the Southern District of New York (Rakoff, *J.*) holding that the district court lacked jurisdiction to consider Sterling's motion to vacate the arbitrator's Equal Pay Act Collective Action Conditional Certification Award and the arbitrator's Order Re Claimants' Motion for Tolling of EPA Limitations Period. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even [if] the parties are prepared to concede it." *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 150 n.10 (2d Cir. 2016) (internal quotation marks and brackets omitted). Section 16 of the Federal Arbitration Act provides that an appeal may be taken only in limited circumstances, including from "an order" "confirming or denying confirmation of an award or partial award." 9 U.S.C. § 16(a)(1)(D). The district court's order from which Sterling appeals neither confirmed nor denied confirmation of an award or partial award, but instead held that the district court lacked jurisdiction to consider an interim decision of the arbitrator. *See Accenture LLP v. Spreng*, 647 F.3d 72, 77 (2d Cir. 2011) (explaining Section 16(a)(1)(D) confers jurisdiction only over appeals of arbitration awards that "finally and definitively dispose of a separate independent claim").

Accordingly, the instant appeal hereby is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2